# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DONALD G. CARROLL, JR.,

         Plaintiff,

      v.

ALASKA DEPARTMENT OF CORRECTIONS (F.C.C.) MEDICAL BOARD MEMBERS and STATE OF ALASKA MEDICAL ACTION COMMITTEE BOARD MEMBER,

         Defendants.

Case No. 4:25-cv-00004-SLG

---

DONALD G. CARROLL, JR.,

         Plaintiff,

      v.

THE COMMITTEE FOR MEDICAL REFERRALS and THE DEPARTMENT OF CORRECTIONS,

         Defendants.

Case No. 4:25-cv-00006-SLG

## <u>SCREENING ORDER</u>

On February 4, 2024, self-represented prisoner Donald G. Carroll, Jr. ("Plaintiff") filed the two above-captioned cases. Upon review, the cases have similar deficiencies and contain overlapping claims and related factual allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Plaintiff's claims relate to events that allegedly occurred while he was in the custody of the Alaska Department of Corrections ("DOC"). Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts to the extent they are relevant here.[1] Plaintiff's Complaints allege that Defendants denied him a necessary medication, Cerdelga, for his Gaucher's disease.[2] He does not attach any documentation to his complaint to support this assertion.

The sequence of events is a bit unclear, but it appears Plaintiff was a convicted prisoner serving a sentence at the Fairbanks Correctional Center ("FCC") from October 27, 2021,[3] until he was released from custody on or about July 19, 2024.[4] Plaintiff was arrested on new charges on January 2, 2025,[5] and he

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[2] Case 004, Docket 1 at 4.

[3] *See State of Alaska vs. Carroll Jr, Donald George*, Case No. 4FA-21-01000CR, Disposition 10/27/2021: Guilty Conviction After Guilty Plea.

[4] Case 004, Docket 1 at 4.

[5] *See State of Alaska vs. Carroll Jr, Donald George,* Case No. 4FA-25-00030CR, Offense Date: 01/02/2025, Docket Event 01/03/2025: Arraignment.

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 2 of 21

is currently a pretrial detainee at FCC with trial currently scheduled for the week of August 11, 2025.[6]

Plaintiff claims that despite support from his treating physician and the Governor's prior authorization of Cerdelga, the medical committee members again denied his recent request for medication.[7] Plaintiff explains the medical committee denied him Cerdelga during his previous incarceration, but after nine months and several levels of appeals, the medication was ultimately approved by the Governor.[8] Now, upon Plaintiff's recent reincarceration, the same medication was denied again. Plaintiff states he experiences severe physical pain and mental anguish without his medication and does not believe he should have to repeat the appeals process all over again. For relief, Plaintiff seeks monetary damages.[9]

For the reasons discussed in this order, each Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint in each case is DISMISSED for failure to state a claim. Plaintiff is accorded **60 days** to file an amended complaint **only in Case 004** that attempts to correct the deficiencies identified in this order. Case 006 must be dismissed without leave to amend, as

---

[6] *Id.,* Docket Event 08/11/2025 (Scheduled Trial Week).

[7] Case 006, Docket 1 at 1.

[8] Case 004, Docket 1 at 4; Case 006, Docket 1 at 1.

[9] Case 004, Docket 1 at 5.

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 3 of 21

the claims there are duplicative with the claims in Case 004 and can be included in an amended complaint in Case 004.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

  (i)     is frivolous or malicious;

  (ii)    fails to state a claim on which relief may be granted; or

  (iii)   seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] Although the scope of review generally is limited

---

[10] 28 U.S.C. §§ 1915, 1915A.

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 4 of 21

Case 4:25-cv-00006-SLG     Document 4     Filed 07/07/25     Page 4 of 21

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[16] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[17]

## DISCUSSION

### I. Each of the above-captioned cases is deficient because Plaintiff has not paid the Court's filing fee or filed a completed application to waive prepayment of the filing fee

To properly commence a civil rights action, a prisoner must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive *prepayment* of the filing fee.[18] Prisoner litigants requesting to

---

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[16] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[17] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] District of Alaska Local Civil Rule 3.1.

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 5 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 5 of 21

waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[19] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil rights lawsuits.[20] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[21]

Each action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee along with a statement from his prisoner trust account for the past six months. In Case 006, Plaintiff filed an application to waive prepayment of the Court's filing fee.[22] However, the application is not on the Court's form and does not contain sufficient information to satisfy the requirements for proceeding without prepayment of fees under federal law. The motion does not include a "statement of all assets"[23] or much of the information required to assess Plaintiff's claim of indigency. Plaintiff also fails to

---

[19] Local Civil Rule 3.1(c)(3).

[20] 28 U.S.C. § 1915(a)-(b).

[21] 28 U.S.C. § 1915(b)(1)&(2).
[22] Case 006, Docket 2.

[23] *See* 28 U.S.C. § 1915(a)(1) (requiring "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."). *See also Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) ("[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (internal quotation marks and citation omitted).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 6 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 6 of 21

include a certified copy of his prison account statement for the six months immediately preceding the filing of the complaint.[24]

For these reasons, Plaintiff's motion to waive prepayment of the filing fee in Case 006 at Docket 2 is deficient. If Plaintiff chooses to file an amended complaint in Case 004, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months. Should Plaintiff proceed with Case 004, the Court will issue a separate order on the collection of the filing fee.

## II.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[25] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[26] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is

---

[24] 28 U.S.C. § 1915(a)(2). *See also* Alaska Local Civil Rule 3.1(c)(3) ("Applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 must be fully completed and signed before an application to waive prepayment of fees will be considered. Prisoners must include a certified copy of their prison trust account statement, dating back six months.").
[25] Fed. R. Civ. P. 8(a)(2).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 7 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 7 of 21

plausible on its face."[27] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[29] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[30]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[31] To act under color of state law, a complaint must allege that the

---

[27] *Id.* (quoting *Twombly,* 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[28] *Ashcroft,* 556 U.S. at 678.

[29] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[30] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[31] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 8 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 8 of 21

defendant acted with state authority as a state actor.[32]  To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[33]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[34]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[35]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . .  name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[36] Vague and conclusory allegations of constitutional violations are

---

[32] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[33] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[34] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[35] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[36] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 9 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 9 of 21

not sufficient.[37] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[38]

### A. Plaintiff cannot bring claims against the State of Alaska or the Department of Corrections ("DOC")

A defendant in a civil rights lawsuit must be a "person."[39]   States and state agencies are not considered "persons" under Section 1983.[40] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[41]   The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution. Therefore, any civil rights claims against the State of Alaska or the Department of Corrections are not viable in federal court and must not be included in any amended complaint.

### B. Plaintiff must name individual defendants

---

[37] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[38] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[39] 42 U.S.C. § 1983.

[40] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[41] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 10 of 21

Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[42] Plaintiff must not bring claims against DOC employees or medical board members generally in an amended complaint. A plaintiff may use a "Doe" defendant designation to refer to a defendants whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s) each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff.

## C. Claims of Inadequate Medical Care

"Individuals in state custody have a constitutional right to adequate medical treatment."[43] However, claims of inadequate medical care may be brought under the Eighth or Fourteenth Amendment, depending on a plaintiff's custody status.[44] Claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must

---

[42] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[43] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667-69 (9th Cir. 2021).

[44] *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 11 of 21

be evaluated under an objective standard;[45] whereas an Eighth Amendment medical treatment claim brought by a convicted prisoner must be evaluated under both an objective and a subjective deliberate indifference standard.[46]

### 1. Fourteenth Amendment

Pretrial detainees may bring claims for inadequate medical care under the Due Process Clause in the Fourteenth Amendment.[47] To state such a claim, a pretrial detainee must plead sufficient plausible facts, accepted as true, showing each of the following:

(1)     the defendant made an intentional decision regarding the denial of needed medical care;

(2)     the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3)     the defendant did not take reasonable available measures to abate or reduce that risk of serious harm, even though a reasonable official in the circumstances would have

---

[45] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018) (relying on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment).

[46] *Id.*

[47] *Bell v. Wolfish*, 441 U.S. 520, 535-37 and n.16 (1979); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 12 of 21

understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4)      by not taking such measures, the defendant caused the plaintiff's injuries.[48]

With respect to the third element, the defendant's conduct must be objectively unreasonable.[49] "[M]ere lack of due care by a state official" is not enough to show a constitutional violation; instead the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[50]

### *2. Eighth Amendment*

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive adequate medical care. To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1)      the plaintiff faced a serious medical need;

(2)      the defendant was deliberately indifferent to that serious medical need: that is, the defendant knew of the plaintiff's serious medical need and disregarded it by failing to take reasonable measures to address it; and

---

[48] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instructions 9.30 (Pretrial Detainee's Claim of Conditions of Confinement/Medical Care) and the cases cited therein.

[49] *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc).

[50] *Alexander v. Nguyen*, 78 F.4th 1140, 1144-45 (9th Cir. 2023) (internal quotation omitted).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 13 of 21

(3)     the defendant's act or failure to act caused harm to

the plaintiff. [51]

An Eighth Amendment claim must satisfy both an objective and a subjective

component test.[52] In other words, the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference."[53] The Eighth Amendment does "not require

the highest quality of health care, the community standard of health care, or the

most pleasant accommodations possible."[54]

## IV.    Conclusion

Liberally construed, Plaintiff seeks to bring a federal constitutional claim

against members of the DOC Medical Advisory Committee for denying his request

for certain medication. Cerdelga is likely a non-formulary medication that requires

prior approval before being dispensed to ensure medical necessity and potentially

---

[51] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[52] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[53] *Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir. 2015).

[54] *Jensen v. Shinn,* 609 F. Supp. 3d 789, 796 (D. Ariz. 2022).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 14 of 21

reduce costs.[55] Sometime between September 2021 and July 2024,[56] Plaintiff alleges that went through the DOC appeal process and was given his Cerdelga after waiting approximately nine months. After Plaintiff was released and rearrested, this medication was denied again.

Plaintiff's Complaints fail to plead sufficient facts to state a plausible inadequate medical care claim. However, Plaintiff, while a pretrial detainee, may be able to state a claim against specific health care providers at FCC or medical advisory committee members for denying a request for a non-formulary prescription if the denial was intentional, places him at risk of suffering serious harm, and a defendant failed to take reasonable alternative measures.[57] Based on the foregoing, the Court grants Plaintiff leave to file an amended complaint in Case 004 in which he revises his inadequate medical care claim. Case 006 is dismissed as duplicative.

---

[55] *See, e.g.,* Alaska DOC Policy and Procedure ("P&P") 807.05.A.10 (defining "formulary" as a list of medications routinely available for treatment of prisoners) and P&P 807.05.A.17 (defining non-formulary prescriptions as medications not listed on the Department formulary and subject to approval of the Medical Advisory Committee or the Pharmacy and Therapeutics Committee).

[56] Plaintiff appears to have been arrested on 9/27/2021 for an offense dated 6/30/2021. He pleaded guilty on 10/27/2021. *See State of Alaska vs. Carroll Jr, Donald George,* Case No. 4FA-21-01000CR, Docket Events.

[57] *Norsworthy v. Beard*, 87 F. Supp.3d 1104 (N.D. Cal. 2015). *But see Toguchi v. Chung,* 391 F.3d 1051 (2004) (holding that a physician was not deliberately indifferent when he chose a different course of treatment that was effective based on his experience with the prisoner, and the fact that the prisoner had not been on the requested drug recently).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 15 of 21

Case 4:25-cv-00006-SLG     Document 4     Filed 07/07/25     Page 15 of 21

The amended complaint must separately identify each defendant whom Plaintiff is alleging caused him an injury, when that injury occurred, and what was the intentional decision of that defendant with respect to a denial of medical care that caused Plaintiff's injury. Further, Plaintiff must clearly identify the date(s) of each alleged event and whether he was a convicted prisoner or pretrial detainee at that time.

Although the Court is granting leave to amend, Plaintiff's Complaint alleging a federal constitutional violation by the individual members of the Medical Advisory Committee is likely not viable.[58] Rather, a prisoner in DOC custody with a health care grievance who is dissatisfied with the determination of the Medical Advisory Committee may appeal that determination to the Alaska Superior Court.[59]

## V.    Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[60] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[61] A claim is "plausible" when the facts alleged support a

---

[58] *But see Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995) (allowing plaintiff to proceed with Section 1983 claim against individual board members of private investigators licensing board).

[59] *See* State DOC P&P 808.03.B, Health Care Grievances; Alaska Rule of Appellate Procedure 602(a)(2).

[60] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[61] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 16 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 16 of 21

reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[62] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint in Case 0004, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether it may proceed to the next stage of litigation. Should an amended complaint proceed beyond the screening stage, the Court will order service of that amended complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[62] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 17 of 21

If Plaintiff fails to respond to this order, or if the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and Case 004 is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

**IT IS THEREFORE ORDERED:**

1.     The Complaints filed in each case at **Docket 1 are DISMISSED** for failing to state a claim upon which relief could be granted.

2.     The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order. **only in Case No. 4:25-cv-00004-SLG ("Case 004").**

3.     The Complaint in Case No. 4:25-cv-00006-SLG is **DISMISSED without leave to amend.** Any pending motion in that case is **DENIED as moot.** The Clerk of Court shall issue a final judgment and close Case 4:25-cv-00006-SLG.

4.  In Case 004, Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his Complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 18 of 21

Case 4:25-cv-00006-SLG     Document 4     Filed 07/07/25     Page 18 of 21

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end Case 004.

5.     If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff.[63] A Notice of Voluntary Dismissal does not count as a strike.[64]

6.     Should Plaintiff choose to proceed with Case 004, he must also file a completed, signed Prisoner Application to Waive the Filing Fee together with a statement from his prison trust account for the past six months **no later than the date the amended complaint is filed**.

7.     Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[65]  Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

8.     If Plaintiff is released from custody while Case 004 remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner

---

[63] 28 U.S.C. §§ 1915(e)(2)(B), 1915(g).

[64] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

[65] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 19 of 21

Application to Waive the Filing Fee (Form PS11).[66] Failure to comply may result in dismissal of this action.

9.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[67] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

10.     Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

11.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[68] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[66] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[67] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[68] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 20 of 21

Case 4:25-cv-00006-SLG     Document 4     Filed 07/07/25     Page 20 of 21

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of Case 004 without further notice to the plaintiff.

12. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS10, Prisoner's Application to Waive Prepayment of the Filing Fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 7th day of July, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00004-SLG, *Carroll v. Alaska Medical Action Committee Board Member, et al.*
Case No. 4:25-cv-00006-SLG, *Carroll v. The Committee for Medical Referrals, et al.*
Screening Order
Page 21 of 21

Case 4:25-cv-00006-SLG    Document 4    Filed 07/07/25    Page 21 of 21